UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4515

BAYAN EL-DADA,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-97-680)

Submitted: November 24, 1998

Decided: December 17, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. Eric William Ruschky, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Bayan El-Dada appeals from his conviction and four months' sentence for devising a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises in violation of 18 U.S.C. § 1343 (1994). El-Dada's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting El-Dada's guilty plea and whether the court properly imposed El-Dada's sentence under the Sentencing Guidelines.* Counsel asserts that there are no meritorious issues for appeal. El-Dada was notified of his right to file an additional brief, but has not done so. We affirm.

El-Dada contends that the district court improperly conducted the Rule 11 hearing in accepting his guilty plea. In reviewing the adequacy of compliance with Rule 11, this court accords great deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. Id. at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. Id.

Our review of the record discloses that the district court sufficiently complied with Rule 11 in informing El-Dada of his rights and in ascertaining the voluntariness of his plea. We find that because El-Dada's substantial rights were not in any way compromised, any alleged error during the Rule 11 colloquy was harmless.

El-Dada also maintains that the court derived his sentence either in violation of the law or through an inaccurate computation pursuant to the Guidelines. However, El-Dada's failure to object during sentencing amounts to a waiver of his right to raise that issue on appeal absent plain error. See United States v. Ford , 88 F.3d 1350, 1355-56

_____

*U.S. Sentencing Guidelines Manual (1997).

2

(4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3369 (U.S. Nov. 18, 1996) (No. 96-6379). We find no plain error in the record warranting review of El-Dada's sentence.

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3